# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROGER L. M., | ) |
|           **Plaintiff,** | ) |
| v. | )    Case No. 14-CV-703-PJC |
| NANCY A. BERRYHILL,[1] | ) |
| Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | ) |
|           **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for an Award of Attorney Fees under 42 U.S.C. §406(b). Dkt. 34. Plaintiff's counsel seeks $22,000.00 in attorney fees pursuant to the terms of 42 U.S.C. § 406(b) and the contract between Plaintiff and counsel. *Id.* Counsel has certified that Plaintiff has been advised of the fee request, as required by General Order 07-06, and has filed Plaintiff's signature stating that he does not object to the attorney's fees request. Dkt. 34-4. The Motion is **GRANTED** as provided herein.

**Procedural History**

Plaintiff applied for Title II Disability Insurance Benefits and Title XVI, Supplemental Security Income Benefits on March 24, 2009 alleging disability beginning February 9, 2006. Plaintiff retained Nathan E. Barnard as counsel on July 31, 2009, after the initial denial of benefits. He appeared with counsel at an ALJ hearing on September 3, 2010, and received an unfavorable

---

[1] Ms. Berryhill, Deputy Commissioner for Operations, is leading the Social Security Administration pending the nomination and confirmation of a Commissioner. Pursuant to Federal Rule of Civil Procedure 25(d), Deputy Commissioner for Operations Berryhill should be substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of the Social Security Act, 42 U.S.C. § 405(g).

decision on January 10, 2012. The Appeals Council vacated the ALJ's decision on June 7, 2012, and remanded the claim to the ALJ. The ALJ conducted a second hearing on February 5, 2013. Plaintiff received a second unfavorable decision on March 8, 2013. The Appeals Council denied Plaintiff's request for review on September 17, 2014.

On November 21, 2014, Plaintiff, through counsel, appealed the AC denial to this Court. On March 26, 2016, the Court remanded the claim to a different ALJ for a new hearing. On October 6, 2017, the new ALJ awarded issued a favorable decision finding Plaintiff disabled. The Commissioner determined that Plaintiff was entitled to disability benefits, including an award of past-due SSI and DIB benefits of $146,544.00. Dkt. 34-1.

An application for attorney fees under the Equal Access to Justice Act ("EAJA") was filed and plaintiff's counsel was awarded $4,000.00 on August 30, 2016. Dkt. 3403. Plaintiff's counsel also received attorney fees pursuant to 42 U.S.C. § 406(a) in the amount of $6,000.00.

Plaintiff's counsel seeks approval of attorney fees in the amount of $22,000.00, or approximately 15 percent of the past-due benefits. Dkt. 34. Plaintiff has been notified of the pending motion and does not object to the fee request. Dkt. 34-4.

In her response, the Commissioner does not object to the amount of fees. Dkt. 35.

When a plaintiff appeals to the court and is successful, the attorney representing the plaintiff can be awarded fees for work before the court up to 25 percent of the past due benefit award. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008) (citing 42 U.S.C. § 406(b)(1)(A)). The court must review a request for fees as an independent check that the fees are reasonable in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002). Factors to be considered include (1) whether the legal work was substandard or performed in a professional manner; (2) whether the attorney caused an unreasonable delay which resulted in a larger fee; and

(3) whether the fee amount is unexpectedly large or results in such an unforeseen profit by the attorney that the fee is unconscionable. *Id.*

The Court finds that a fee award of $22,000.00 is reasonable. The legal work performed by plaintiff's counsel resulted in reversal of the agency's previous denials and a finding on remand that plaintiff was disabled and entitled to disability benefits totaling $146,544.00. Further, the amount sought is less than the amount provided by the contract between counsel and plaintiff and is within the statutory limits of Section 406(b). Dkt. 34-2. According to counsel's itemization of billing hours, counsel devoted 24.7 attorney hours to the court case. Dkt. 29. Counsel also notes that he traveled approximately 180 miles roundtrip for each of the two ALJ hearings and successfully briefed an appeal to this Court in representing Plaintiff.

Using the attorney time only, the requested fee award yields an hourly rate of $890.00. This rate does not result a windfall that should be downwardly adjusted by the Court pursuant to *Gisbrecht*. Contingency fee contracts often result in a higher hourly fee recovery than a non-contingent hourly fee would produce because contingency fee contracts have the risk that there will be no fee recovery and the possibility of a higher recovery balances the risk of no recovery. Additionally, when the total amount of the EAJA fee award, $4,000.00, is returned to Plaintiff in accordance with *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986), the net result is a fee that is an out-of-pocket expense to Plaintiff of $18,000.00, which is approximately 12.2 percent of the past due and auxiliary benefits. The undersigned finds the amount of the award to be reasonable.

Plaintiff's Motion (Dkt. 34) is **GRANTED**. The Court finds $22,000.00 is a reasonable attorney fee and is hereby awarded to Plaintiff's counsel. Upon receipt of payment, counsel is required to refund to Plaintiff the EAJA fees pursuant to *Weakley*.

**IT IS SO ORDERED**, this 6th day of August, 2018.

Paul J. Cleary
United States Magistrate Judge